■ ADMIRAL CORPORATION, Appellant, v. REINES DISTRIBUTORS, INC., Respondent. (Action No. 1.) ADMIRAL CREDIT CORPORATION, Appellant, v. REINES DISTRIBUTORS, INC., Respondent. (Action No. 2.) — Plaintiffs appeal from an order of the Supreme Court which denied motions for summary judgment, a motion for judgment on the pleadings, and motions to strike various defenses from the answer. In Action No. 1 there are six separate causes of action alleged in the complaint for goods sold and delivered and upon various notes. In Action No. 2 there are eleven separate causes of action alleged in the complaint upon trade acceptances. The answers consist principally of affirmative defenses alleging breach of warranty and breach of contract on the part of Admiral Corporation, and counterclaims based, in general, upon breach of warranty and breach of contract, and alleging damages in excess of plaintiffs' claims. The decision upon all of the motions depends upon the question of whether the affirmative defenses and counterclaims are false as a matter of law, or whether the pleadings present a question or questions of fact. The pleadings allege multiple, complicated and very sizeable transactions between the parties pursuant to a complex "Distributor Contract". Appellants do not question the existence of questions of fact as to some items. The mere fact that the execution and delivery of notes and trade paper is admitted by defendant does not *ipso facto* entitle the plaintiffs to summary judgment. The pleadings and moving papers present numerous controversial contentions between the parties. If it be open to doubt as to whether a party is entitled to summary judgment it should not be granted. In our opinion this is not the kind of a situation where the court at Special Term was required to or should determine the matter as a question of law upon affidavits. Order unanimously affirmed, with $10 costs.